IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN MARCUS RUDEBUSH,

                                Plaintiff,                                          OPINION & ORDER

        v.
                                                                                    15-cv-446-jdp
BARB RUDEBUSH,

                                Defendant.

---

Plaintiff Damien Rudebush, a patient confined at the Sand Ridge Secure Treatment Center pursuant to Wis. Stat. Chapter 980, has filed a proposed civil complaint and amended complaint in which he brings state law claims against his adoptive mother for physically and mentally abusing him from 1983 to 1995. I will consider the amended complaint as the operative complaint for this action.

Usually at this point I would screen plaintiff's amended complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. But because plaintiff has not alleged sufficient plausible facts for me to determine whether I have subject matter jurisdiction over the case, I will direct plaintiff to file a supplement to his amended complaint that establishes diversity of the parties. I will also have plaintiff address likely statue of limitations problems with his complaint.

Plaintiff alleges that defendant adopted him when he was two years old. For the next 12 years (1983 to 1995), defendant abused plaintiff physically and mentally in many ways, including by "[w]ater-board[ing] the Plaintiff underneath the bathtub faucet," locking him in

a small dog cage, tying him up and locking him in a basement room, verbally abusing him, and sending plaintiff to group homes, where he was sexually assaulted.

Plaintiff wants to bring claims for assault, battery, false imprisonment, intentional infliction of emotional distress, slander, and negligence. But these causes of action are state law torts that may be brought in this federal court only if certain requirements are met. "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Plaintiff may not bring these state law claims in this court unless he establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). The jurisdictional issue is one that I must raise on my own initiative because federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Plaintiff seeks $25 million in compensatory damages and $25 million in punitive damages, which seem unlikely to be fully recoverable against defendant. But his allegations, if true, easily support more than $75,000 in damages. The problem for plaintiff is that he does not properly allege diversity of the parties.

Plaintiff alleges that he "lives in" Wisconsin and defendant "lives in" Nebraska, which is not enough to establish diversity of citizenship for purposes of exercising jurisdiction under 28 U.S.C. § 1332. "In federal law citizenship means domicile, not residence. . . . [W]hen the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want of jurisdiction." *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074

(7th Cir. 1992). But instead of dismissing the case, I will allow plaintiff to supplement his complaint with allegations of the parties' *citizenship*.

An individual's citizenship is determined by his or her "domicile," which is the place where the individual intends to remain, whereas residency may be temporary. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). In particular, plaintiff is not necessarily a Wisconsin citizen just because he is confined here. *Cf. Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991) ("[S]ince domicile is a voluntary status, a forcible change in a person's . . . residence does not alter his domicile; hence, the domicile of [a] prisoner before he was imprisoned is presumed to remain his domicile while he is in prison."). If plaintiff fails to submit new allegations of the parties' citizenship, I will dismiss this case for lack of subject matter jurisdiction.

I also will direct plaintiff to address the statutes of limitations on his claims. A statute of limitations defense is an affirmative defense, but a district court may dismiss a complaint if a party pleads enough information to show that the complaint is untimely. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002). According to plaintiff's allegations, defendant's abuse took place between 1983 and 1995. None of the statutes of limitations that appear to apply to plaintiff's claims allow him to bring claim 20 years after the events that occurred. *See* Wis. Stat. §§ 893.53 (six-year limit for "Action for injury to character or other rights"; .54 (three-year limit for "Injury to the person"); and .57 (three-year limit for "Intentional torts"). Plaintiff's status as a minor when the abuse occurs does not extend the time to bring an action nearly long enough to allow plaintiff to bring his claims now. *See* Wis. Stat. § 893.16 ("If a person entitled to bring an

3

action is, at the time the cause of action accrues, either under the age of 18 years . . . the action may be commenced within 2 years after [the person reaches 18.]"

I will direct plaintiff to submit a brief to the court explaining why he believes that the case should not be dismissed for violating the statutes of limitations that apply to his claims.

ORDER

IT IS ORDERED that plaintiff Damien Rudebush may have until October 5, 2016, to submit:

- a supplement to his amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

- a brief explaining why he believes that the case should not be dismissed for violating the statutes of limitations that apply to his claims.

Entered September 14, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge