IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN MARCUS RUDEBUSH,

              Plaintiff,

  v.

BARB RUDEBUSH,

              Defendant.

ORDER

15-cv-446-jdp

---

Plaintiff Damien Marcus Rudebush, appearing pro se, is a patient confined at the Sand Ridge Secure Treatment Center pursuant to Wis. Stat. Chapter 980. He filed this case bringing state law claims against his adoptive mother, defendant Barb Rudebush, for physically and mentally abusing him from 1983 to 1995. In reviewing the complaint, I identified two threshold problems with it: plaintiff brought only state law claims but did not identify the citizenship of the parties for purposes of establishing this court's diversity jurisdiction; and (2) the abuse detailed by defendant happened so long ago that his claims appeared to run afoul of Wisconsin's statutes of limitations.[1] *See* Dkt. 8.

Plaintiff has responded with regard to both issues. He has submitted a supplement explaining that he is a Wisconsin citizen and that defendant is a Nebraska citizen. For now, his new submission has resolved the diversity issue: it appears that the parties are diverse. But taking his complaint and new submissions together, it is clear that the case must be dismissed because none of his claims survive the statute-of-limitations problem.

---

[1] Because the parties share the same last name, I will identify them as "plaintiff" and "defendant."

Plaintiff's allegations are horrific. Plaintiff alleges that defendant adopted him when he was two years old. For the next 12 years (1983 to 1995), defendant abused plaintiff physically and mentally in many ways, including by "[w]ater-board[ing] the Plaintiff underneath the bathtub faucet," locking him in a small dog cage, tying him up and locking him in a basement room, verbally abusing him, and negligently sending plaintiff to group homes where he was sexually assaulted. There is no question that these allegations would support causes of action under any state's laws. The problem is that these events occurred so long ago.

In my previous order I explained that none of the statutes of limitations that appear to apply to his claims allow him to bring claims 20 years after the events in which he was harmed. Even the Wisconsin law extending the deadline to bring a claim for events that occurred when the plaintiff was a minor would not apply here, because it extends the deadline only to the plaintiff's 20th birthday. *See* Wis. Stat. § 893.16 ("If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years . . . the action may be commenced within 2 years after [the person reaches 18.]"[2]

Plaintiff has responded with three arguments. First, he contends that he did not know what tort lawsuits were until recently, so he did not know that he could bring a lawsuit for defendant's transgressions until recently. But under Wisconsin's "discovery rule," a tort claim accrues on "the date the *injury* is discovered or with reasonable diligence should be discovered, whichever occurs first." *Gumz v. N. States Power Co.*, 2007 WI 135, ¶ 25, 305 Wis. 2d 263,

---

[2] Even assuming that defendant's alleged abuse took place in Nebraska or other states, I must look to Wisconsin law to determine which state's statute of limitations to apply. *See Faigin v. Doubleday Dell Pub. Grp., Inc.*, 98 F.3d 268, 269 (7th Cir. 1996). Under Wisconsin law, I would be forced to apply whichever shorter limitation applies: Wisconsin's law or the state of the "foreign cause of action," meaning the state in which the conduct occurred. Wis. Stat. § 893.07.

N.W.2d 271 (internal quotations omitted) (emphasis added). This rule allows for extension of the limitations period when a plaintiff is unaware of the injury or the person who injured him, *id*, ¶¶ 25–26; it does not extend the deadline because someone is unaware of the fact that the legal system allows for tort claims. Alternatively, he suggests that he is subject to equitable tolling because of his ignorance of the legal system, but lack of familiarity with the law is not a circumstance that justifies equitable tolling. *See, e.g.*, *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

Second, plaintiff contends that the statutes of limitations should be tolled because he has been confined as a sexually violent person under Wis. Stat. Chapter 980 since 1998, when he turned 17 years old. Wis. Stat. § 893.16(1) states the following:

> If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years, except for actions against health care providers; or mentally ill, the action may be commenced within 2 years after the disability ceases, except that where the disability is due to mental illness, the period of limitation prescribed in this chapter may not be extended for more than 5 years.

Plaintiff says that his involuntary commitment "does count as being disabled and since the plaintiff has not been formally discharged from said commitment the disability still exists as far as the law is concerned." Dkt. 10, at 3. My research uncovers no case law addressing whether a Chapter 980 commitment would count as a "mental illness" under § 893.16, but even if it did, the statute limits the length of a mental-illness extension to five years. Even added to the two-year extension an 18-year-old would receive, this still gave plaintiff only until 2006 to file these claims in Wisconsin.

Finally, plaintiff argues that the deadline should be tolled because he left the state of Nebraska. He says that he is "aware of the existence of state laws that toll the statute of

3

limitations on a legal violation when ether the perpetrator, victim, or both leaves the State of jurisdiction where said violation occurred the toll is lifted only when both parties have returned to said jurisdiction." Dkt. 10, at 4. It is true that some states have laws permitting the extension of *criminal* statutes of limitations if a perpetrator resides outside the state or flees justice, *see, e.g.*, Wis. Stat. § 939.74(3); Neb. Rev. Stat. 29-110(10), but aside from the fact that plaintiff is the one who left Nebraska, not defendant, this is a *civil* case. Wisconsin's discovery rule and statutes of limitations are the applicable law for civil cases, and I conclude that Wisconsin law does not allow him to extend the deadline for his claims to 20 years after the events in which he was harmed. Therefore I must dismiss the case.

None of this is to minimize the disturbing nature of plaintiff's allegations. He states that he is concerned that he is not the only one who has been or will be abused by defendant. He may consider sharing his information with law enforcement officials in Nebraska, although he may find that the criminal statutes of limitations have also passed for events that occurred so long ago.

ORDER

IT IS ORDERED that this case is DISMISSED. The clerk of court is directed to enter judgment for defendant and close the case.

Entered February 5, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge